In the Matter of the Estate of ANNIE M. GOOD, Deceased.

Surrogate's Court, New York County, June 21, 1933.

*Blackwell Brothers,* for the petitioners.

*Allan R. Campbell,* for the executors.

*Jerome F. Donovan,* special guardian.

*Arthur G. Syran,* for Middleton Rose, guardian.

DELEHANTY, S. The executors of deceased appeal from the *pro forma* order of this court, entered on February 1, 1933, fixing the estate tax. Complaint is made that shares of stock in two close

corporations have been appraised in excess of their true values as of the date of decedent's death, July 12, 1931. In respect of one of these companies, decedent owned substantially twenty-five per cent of the total issue. In respect of the other, he owned substantially five per cent. The stock of neither company was dealt in on the open market and consequently resort must be had to another basis for determination of value. (*Matter of Dupignac*, 123 Misc. 21, and cases cited therein.)

On data supplied by the representatives of the estate, the accountant of the State Tax Commission valued the shares of one company at $140.92, and of the other company at $62.43. In reaching these values, various items of deduction were allowed by the accountant which later he was directed by the appraiser to disallow. In addition, a recomputation of values was directed by the appraiser on the basis of a different formula for valuing good will. After the revaluation thus made, the shares were appraised respectively at $204.56 per share and $69.36 per share. The estate asks that the original appraisal figure be reinstated.

There is no substantial dispute as to basic facts. The appraiser has adhered to the book value of the corporate assets as the sole standard. The considerations advanced by the executors have substantial merit. The position of a minority stockholder of a large block of stock in a corporation whose shares are closely held and are not dealt in on any exchange is such as to make realization of book value most unlikely if not impossible.

By order dated March 14, 1933, in *Matter of Foster* (239 App. Div. 806), the Appellate Division, Fourth Department, has specifically held that on the facts disclosed in the record then before it, the assessment of the shares of the corporation on the sole basis of the book values is unfair. That language seems pertinent to this situation. There is no real dispute that an item of investment in another company which was carried on the books at a value equivalent to approximately twelve dollars per share was actually worthless. So too other deductions requested seem to have been properly allowed in the original valuation.

Taking into account all of the factors, the court determines that the stock of the Carter Company should be valued at $160 and of the Ward Company at the original appraised value of $62.43.

Certain items not urged originally have been made the basis of a second ground of appeal. There is no opposition to items A, B and D thus added. Deduction therefor will be permitted. Item C is not an allowable deduction.

Submit order on notice modifying accordingly the order fixing the tax.